IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YELENA ZASLAVSKAYA and OLGA ABRAMOVA, On Behalf Of Themselves And All Others Similarly Situated,<br><br>Plaintiffs,<br><br>CENTERS AGENCY LLC d/b/a CENTERS LABORATORY, and KENNETH ROZENBERG, JAY LEVIN and SHLOMO LEHRMAN,<br><br>Defendants. | COLLECTIVE CLASS ACTION COMPLAINT |

Plaintiffs YELENA ZASLAVSKAYA and OLGA ABRAMOVA , by and through their attorneys, Raab Sturm & Ganchrow, LLP and Malvina Lin, P.C., as and for their Complaint against Defendants CENTERS AGENCY LLC d/b/a CENTERS LABORATORY, and KENNETH ROZENBERG, JAY LEVIN and SHLOMO LEHRMAN, allege of their own knowledge and conduct and upon information and belief as to all other matters, as follows:

PRELIMINARY STATEMENT

1.  This case arises out of the persistent and willful failure of Defendants CENTERS AGENCY LLC d/b/a CENTERS LABORATORY, KENNETH ROZENBERG, JAY LEVIN and SHLOMO LEHRMAN (collectively referred to herein as "Defendants") to properly compensate Plaintiffs, YELENA ZASLAVSKAYA (sometimes referred to herein as "Zaslavskaya") and OLGA ABRAMOVA (sometimes referred to herein as "Abramova"), jointly referred to herein as "Plaintiffs", and all of its other similarly situated employees.

1

2. This is a Collective Class action brought on behalf of Plaintiffs, former hourly employees of Defendants, and similarly situated persons who are or were hourly employees of Defendants, during the timeframes permissible under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq., and the New York Wage and Hour Laws, N.Y. Labor Law Article 6 190 et seq., and Article 19 650 et seq. and related regulations ("NYLL").

3. Plaintiff Zaslavskaya, who worked as a Laboratory Technologist, and Plaintiff Abramova, who worked as a Laboratory Technician, and who both regularly worked over forty (40) hours per week. Defendants paid Plaintiffs at an hourly rates, most recently at $45.00 for ZASLAVSKAYA, and $43.00 per hour for ABRAMOVA, but did not pay Plaintiffs overtime pay for hours worked in excess of forty (40) each week, in violation of the FLSA and the NYLL.

4. By reason of Defendants' persistent and willful violation of the FLSA and the NYLL, Plaintiffs have been illegally underpaid for their work.

5. Plaintiffs bring this action to recover monetary damages, liquidated damages, interest and costs, including reasonable attorney's fees, as a result of Defendants' willful violation of the FLSA and NYLL.

6. Plaintiffs also assert FLSA claims pursuant to 29 U.S.C. 216(b) on behalf of other similarly situated employees of Defendants who were and are also affected by Defendants' policy of failing to pay their employees overtime pay for hours worked in excess of forty (40) each week.

7. At all relevant times prior to the commencement of this action, Defendants have willfully and intentionally committed systematic and widespread violations of the above-described federal and state wage and hour statutes and regulations, in the manner described herein.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331, because this action is brought for violations of the FLSA, a federal statute.

9. As to the claims under the NYLL, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. 1367.

10. Venue is proper in this District pursuant to 28 U.S.C. 1391 (b)(2), because all or substantially all of the events and omissions that give rise to these claims occurred in this District.

## THE PARTIES

### Plaintiffs

12. At all relevant times, Plaintiff Zaslavskaya was, and currently is, a resident of Richmond County, State of New York.

13. Plaintiff Zaslavskaya was hired by Defendant on or about March 23, 2019, and was laid off from her employment on or about July 26, 2021.

14. At all relevant times, Plaintiff Abramova was, and currently is, a resident of Kings County, State of New York.

15. Plaintiff Abramova was hired by Defendants on or about March 23, 2019, and was laid off from her employment on or about July 26, 2021.

16. Each Plaintiff consents to be a party pursuant to 29 U.S.C. 216(b), and brings these claims based on the allegations herein as a representative party of a prospective collective class of similarly situated individuals under 29 U.S.C. 216(b).

### Defendants

17. Defendant Centers Agency LLC d/b/a Centers Laboratory (herein sometimes referred to herein as "Centers Lab") is a limited liability company, organized and existing under the laws of the State of New York, with addresses, at the times material herein, at 1412 Bay Ridge Avenue, County of Kings, City and State of New York 11219 and 4770 White Plains Road, County of Bronx, City and State of New York, 10470.

18. Upon information and belief, Defendant Kenneth Rozenberg, is an individual, who is a resident of the State of New Jersey, but who has or had offices at the same locations as Defendant Centers Lab.

19. Upon information and belief, Defendant Jay Levin, is an individual, who is a resident of the State of New Jersey or New York, but who has or had offices at the same locations as Defendant Centers Lab.

20. Upon information and belief, Defendant Shlomo Lehrman, is an individual, who is a resident of the State of New York, and who has or had offices at the same locations as Defendant Centers Lab.

21. At all relevant times, Defendants have operated and/or controlled a medical laboratory at the Bay Ridge location where Plaintiffs were employed ("Lab").

22. At all relevant times, Defendants, individually and collectively, possessed operational control over and controlled significant business functions of the Lab determined the employees' salaries, and made hiring decisions concerning the Lab.

23. At all relevant times, Defendants, individually and collectively, had the authority to hire and fire workers at the Lab, including Plaintiffs; determine the wages and compensation of

4

Plaintiffs and other employees at the Lab; and establish their schedules and their other terms and conditions of employment.

24. At all relevant times, Defendants, individually and/or collectively, have had annual gross revenues of more than $500,000.

25. At all relevant times, Defendants have had employees who handle, sell, or work on goods or materials, such as medications and medical diagnostic instruments and products, that have moved in or been produced for interstate commerce.

26. Defendants are employers engaged in interstate commerce as those terms are defined under the FLSA.

27. Inasmuch as the allegations herein concern violations that occurred at the Lab, any entity that owned and/or operated this location during all relevant time periods — should discovery reveal that it is a different entity than Defendants — is hereby on notice of Plaintiffs intention to add FLSA and NYLL claims against such Defendant, to be related back to the date on which this Complaint was filed.

## FACTUAL ALLEGATIONS

Defendants Constitute Joint Employers
or, In The Alternative, Constitute A Single Employer

28. Plaintiff repeats and realleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

29. At all relevant times, Defendants have operated the Lab.

30. At all relevant times, Defendants are and have been associated and joint employers, have acted in the interest of each other with respect to employees, have paid employees by the same methods, and have shared control over the employees.

31. At all relevant times, Defendants have exercised substantial control over the working conditions of Plaintiffs and of all other similarly situated employees, including the policies and practices with respect to the employment and compensation of Plaintiffs and all other similarly situated employees of the Lab.

32. At all relevant times, Defendants jointly employed Plaintiffs and all similarly situated individuals, and were their employers within the meaning of the FLSA and the NYLL.

33. In the alternative, Defendants constitute a single employer of Plaintiffs and all similarly situated individuals.

34. Defendants jointly:

    a. determined Plaintiffs' work schedule;

    b. determined Plaintiffs' compensation; and

    c. supervised Plaintiffs.

## Plaintiffs

35. At all times material herein, Plaintiff Zaslavskaya was employed by Defendants as a Lab Technologist. Her primary responsibilities included performing clinical laboratory procedures and other tests or procedures for the Lab, including maintaining equipment and records, and performing quality assurance activities.

36. At all times material herein, Plaintiff Abramova was employed by Defendants as a Lab Technician. Her primary responsibilities included performing clinical laboratory procedures.

37. Defendants paid Plaintiff Zaslavskaya $45.00 per hour for all hours worked.

38. Defendants paid Plaintiff Abramova $43.00 per hour for all hours worked.

39. Plaintiff Zaslavskaya regularly worked more than forty (40) hours per week. For example, during the two-week period from October 31, 2020 through November 1, 2020, Plaintiff Zaslavskaya worked a total of one-hundred and sixty-one and a quarter (161.25) hours and was paid $45.00 for each of those hours, including all hours in excess of forty (40) per week.

40. Plaintiff Abramova regularly worked more than forty (40) hours per week. For example, during the two-week pay period from October 17, 2020 through October 30, 2020, Plaintiff Abramova worked a total of one hundred fifty-two and a half (152.5) hours, and was paid $43 for each of those hours, including all hours in excess of forty (40) per week.

41. Defendants failed to pay Plaintiffs overtime pay for hours worked in excess of forty (40) each week, as required under the FLSA and the NYLL.

42. Upon information and belief, neither Plaintiff is an exempt employee as the term is defined under the FLSA or the NYLL.

43. Defendants knew, or should have known, that they are obligated, under both the FLSA and the NYLL, to pay Plaintiffs overtime pay for hours worked in excess of forty (40) each week.

44. Defendants' wrongful acts and omissions, as alleged herein, were not made in good faith, or in conformity with or reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or the New York Department of Labor, or any administrative practice or enforcement policy of either such department.

45. Defendants' above-described violation of the FLSA and the NYLL was willful, arbitrary, unreasonable and in bad faith.

## COLLECTIVE CLASS ALLEGATIONS

46. Plaintiffs repeat and reallege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

47. At all relevant times, Defendants have had a common policy of requiring Plaintiffs and their other hourly employees to work over forty (40) hours per week, who are or were employed in the positions of lab technician and lab technologist.

48. As a result of this policy, Plaintiffs and Defendants' other hourly lab technicians and lab technologists regularly worked or work more than forty (40) hours per week.

49. Plaintiffs and these other hourly employees were not paid overtime pay, at the rate of time and a half of their regular hourly wage rate, for hours worked in excess of forty (40) hours per week.

50. At all relevant times, Plaintiffs and other hourly employees of Defendants are and have been similarly situated, in that they are and have been victims of Defendants' common policy of requiring their hourly employees to work more than forty (40) hours per week and failing to pay them overtime pay for all hours worked in excess of forty (40).

51. Plaintiffs bring their FLSA claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. 16(b), on behalf of themselves and all other hourly technologists and technicians of Defendants who were not paid overtime pay for all hours worked in excess of forty (40) each week.

52. Plaintiffs propose an FLSA Collective Class defined as: All hourly Lab Technologists and Lab Technicians of Defendants performing their duties at the Lab at any time within three (3) years prior to the filing of this Complaint.

53. A collective class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

    a. Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, significant savings would accrue to both the Court and the Collective Class in litigating the common issues on a collective class-wide instead of on a repetitive individual basis;

    b. Despite the size of individual Collective Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a Collective Class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

    c. No unusual difficulties are likely to be encountered in the management of this Collective Class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the Collective Class.

54. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents FLSA and NYLL claims of a type that have often been prosecuted on a collective class-wide basis, and the manner of identifying the collective class and providing any monetary relief to them can easily be effectuated from a review of Defendants' records, which records identify, inter alia, the number of hours worked per pay period and the straight time hours paid for each hour worked, including the straight time rate for hours over forty (40) each week.

## FIRST CLAIM FOR RELIEF
## (FLSA INDIVIDUAL VIOLATION)

55. Plaintiffs repeats and reallege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

56. Plaintiffs are each a non-exempt hourly employee of Defendants, and even if they met the definition of professional, they were nonetheless paid on an hourly basis, thereby precluding the Defendants from not paying them at the statutory overtime rates of time and a half.

57. Plaintiffs regularly works over forty (40) hours per week.

58. Defendants fail to pay Plaintiffs overtime pay for all hours worked each week in excess of forty (40).

59. Defendants' conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

60. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. 255.

61. As a result of the foregoing, Plaintiffs have been illegally deprived of overtime pay earned, in such amounts to be determined at trial, and are entitled to recovery of all unpaid amounts, liquidated damages, costs, reasonable attorney's fees, and other compensation pursuant to 29 U.S.C. 216(b).

## SECOND CLAIM FOR RELIEF
## (NYLL INDIVIDUAL VIOLATION)

62. Plaintiffs repeat and reallege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

63. Plaintiffs are each a non-exempt hourly employee of Defendants.

64. Plaintiffs regularly works over forty (40) hours per week.

65. Defendants fail to pay overtime pay for all hours worked each week in excess of forty (40).

66. Defendants' conduct and practice, described above, was and/or is willful, intentional, unreasonable, arbitrary and in bad faith.

67. A six (6) year statute of limitations applies to each such violation pursuant to N.Y. Labor Law 198(3), 663(3).

68. As a result of the foregoing, Plaintiffs have been illegally deprived of overtime pay earned, in such amounts to be determined at trial, and each is entitled to recovery of all unpaid amounts, liquidated damages, prejudgment interest, costs, reasonable attorney's fees, and other compensation pursuant to N.Y. Labor Law 198(3), 663(3).

### THIRD CLAIM FOR RELIEF
### (FLSA COLLECTIVE VIOLATION)

69. Plaintiffs repeat and reallege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

70. At all relevant times, Defendants have employed Plaintiffs and members of the proposed Collective Class within the meaning of the FLSA.

71. Plaintiff and members of the proposed Collective Class are non-exempt hourly employees within the meaning of the FLSA.

72. Defendants regularly have required Plaintiffs and the members of the proposed Collective Class to work over forty (40) hours in a week.

73. As a result of Defendants' requirement, Plaintiffs and the members of the proposed Collective Class have regularly worked over forty (40) hours in a week.

74. Defendants have failed to pay Plaintiffs and the members of the proposed Collective Class overtime pay for all hours worked each week in excess of forty (40).

75. Defendants' conduct and practices, described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

76. Because Defendants willfully violated the FLSA, a three (3) year statute of limitations applies to such violation, pursuant to 29 U.S.C. 255.

77. As a result of the foregoing, Plaintiffs and members of the proposed Collective Class have been illegally denied proper overtime compensation earned, in such amounts to be determined at trial, and are entitled to recovery of all unpaid amounts, liquidated damages, prejudgment interest, costs, reasonable attorney's fees, and other compensation pursuant to 29 U.S.C. 216(b).

## FOURTH CLAIM FOR RELIEF
### (DEFENDANTS VIOLATIONS OF NYLL 195)

78. Plaintiffs repeat and reallege all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

79. Defendants have failed to provide Plaintiffs with a lawfully compliant wage notice as required under NYLL § 195 and 198.

80. Defendants failed to provide Plaintiffs with proper wage statements stating, among other things, their hourly rate for overtime hours.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court grant the following relief:

(A) A declaratory judgment that Defendants' wage practices alleged herein violate the FLSA, the NYLL, and their respective related regulations.

(B) An order directing Defendants, at their own expense, to investigate and account for the number of hours actually worked by Plaintiffs and all members of the proposed FLSA Collective Class.

(C) An order directing Defendants to supply to Plaintiffs counsel the names and last known home addresses of all members of the proposed FLSA Collective Class, so that Plaintiffs may send to them notice of this action.

(D) Judgment for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. §§201, et seq., and attendant regulations at 29 C.F.R. 516 et seq.

(E) Judgment for liquidated damages pursuant to the FLSA, 29 U.S.C. 201, et seq., and attendant regulations at 29 C.F.R. 516 et seq., in an amount equal to all unpaid overtime compensation owed to Plaintiff and all members of the proposed FLSA Collective Class during the applicable statutory period.

(F) Judgment for damages for all unpaid compensation under the NYLL and related regulations.

(1) Judgment for any and all civil penalties to which Plaintiffs and all members of the proposed FLSA Collective Class may be entitled.

(J) Leave to add additional Plaintiffs by motion, the filing of written consents, or any other method approved by the Court.

(K) Equitable tolling effective to the date of the filing.

(L) An order directing Defendants to pay Plaintiffs and all members of the proposed FLSA Collective Class prejudgment interest, reasonable attorney's fees and all costs connected with this action.

(M) Such other and further relief as to this Court may deem necessary, just and proper.

Dated: November 10, 2021

                                                Raab, Sturm & Ganchrow, LLP
                                           s/    Ira A. Sturm
                                                  By: Ira A. Sturm
                                                  Attorneys for Plaintiffs
                                        2125 Center Avenue, Suite 100
                                        Fort Lee, New Jersey 07024
                                        201-292-0150
                                        isturm@rsgllp.com

                                        Malvina Lin P.C.
                                        1203 Avenue J, Suite 4B
                                        Brooklyn, New York 11230
                                        (718)377-3500
                                        Fax(718)377-4174
                                        malvina@malvinalaw.com